were as to the nature of the liability of the defendant, appellant, upon its bond, and as to what damages the plaintiff should recover thereunder. The trial court held that the bond upon which the plaintiff sued was one of indemnity, and that the plaintiff, in order to recover of the surety company, was required to first show that it had paid a loss. The Appellate Division held that the bond was one of surety, and that plaintiff was entitled to recover any loss it sustained by reason of the breach of contract.

*Daniel Combs* and *Edward J. Dowling* for appellant.
*Robert B. Honeyman* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: HISCOCK, Ch. J.

---

ROOSEVELT MEMORIAL ASSOCIATION OF OYSTER BAY, INC., Respondent, *v.* CHARLES H. JONES et al., Individually and as Executors of and Trustees under the Will of MARY E. JONES, Deceased, et al., Appellants, Impleaded with Others.

*Constitutional law — eminent domain — condemnation proceedings — constitutionality of statute providing for taking of private property for park and memorial.*

*Roosevelt Memorial Association v. Jones,* 216 App. Div. 760, affirmed.
(Argued November 29, 1926; decided December 31, 1926.)

⁎ APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 12, 1926, unanimously affirming an order of Special Term confirming the report of commissioners of appraisal in condemnation proceedings to acquire lands for the purpose of constructing and maintaining a public park and memorial as provided in chapter 429 of the Laws of 1919. The appellants contended that the statute was unconstitutional in that it provided for the taking of private property for a purpose other than a public use.

*Abel E. Blackmar* and *David C. Bennett* for appellants.
*Rowland Miles* and *William T. McCoun* for respondent.

Order affirmed, with costs; no opinion.

Concur: CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.   Absent: HISCOCK, Ch. J.

---

THE STOCK QUOTATION TELEGRAPH COMPANY, Appellant and Respondent, *v.* NICHOLAS J. HAYES, as Commissioner of Water Supply, Gas and Electricity of the City of New York, et al., Respondents and Appellants, Impleaded with Another.

*Corporations — franchise — contract — New York city — duress —
action to restrain city of New York from interfering with franchise
to operate telegraph line, to annul contract on ground it was executed
under duress and to recover money paid under terms of contract.*

*Stock Quotation Telegraph Co.* v. *Hayes,* 216 App. Div. 710, affirmed.

(Argued November 29, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 22, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.   The action was brought by plaintiff to obtain a decree establishing that in 1882 it obtained a State franchise to erect and operate electric telegraph lines over th ? streets of the city of New York for the purpose of carrying on a " stock ticker," " bulletin business " or " news service business; " restraining the city and its officials from interfering with this franchise and annulling a contract made on May 8, 1913, between plaintiff and the city of New York, on the ground that it was executed under coercion and through duress, and also to recover back the initial payment and various sums of money paid annually, between June 7, 1913, and November 1, 1919, to the city as percentages of plaintiff's gross receipts.